FILED
CLERK, U.S. DISTRICT COURT
2/16/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DAVID HOPPER,<br><br>             Plaintiff,<br><br>       v.<br><br>STS DISTRIBUTIONS, INC. and DOES 1 through 10,<br><br>             Defendants. | Case No.: SACV 20-02302-CJC (ADSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 13]** |

## I. INTRODUCTION & BACKGROUND

Plaintiff David Hopper brings this employment action against Defendant STS Distributions, Inc. and unnamed Does. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) He filed his complaint in California state court under California's Fair Employment and Housing Act. (*Id.*) He asserts six causes of action for (1) disability discrimination, (2)

failure to reasonably accommodate, (3) failure to engage in the interactive process, (4) failure to maintain a workplace free from discrimination and retaliation, (5) retaliation, and (6) wrongful termination. (*Id.* ¶¶ 25–68.) Plaintiff seeks economic and non-economic damages as well as attorneys' fees and costs. (*Id.* at 18.)

On December 7, 2020, Defendant filed a notice of removal asserting that this Court has diversity jurisdiction over Plaintiff's claims. (Dkt. 1 [hereinafter "NOR"].) Now before the Court is Plaintiff's motion to remand. (Dkt. 13 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

**II.  LEGAL STANDARD**

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

//
//
//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 22, 2021, at 1:30 p.m. is hereby vacated and off calendar.

## III. DISCUSSION

Plaintiff argues that the Court lacks jurisdiction because Defendant has failed to establish an amount in controversy over $75,000. A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But where "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 554.

Defendant argues that Plaintiff's claim for compensatory damages, "allegedly comprised of 'financial losses, including without limitation, loss of income, earnings, salary and benefits,'" is sufficient to satisfy the amount in controversy requirement. (NOR ¶ 22 [quoting Compl. ¶ 30].) The Court agrees. In support of its notice of removal, Defendant submitted a declaration from Candice Story, Defendant's Payroll Services Manager. (Dkt. 6 [hereinafter "Story Decl."].) Story declares that Plaintiff's annual salary was $72,000, or $6,000 a month. (*Id.* ¶ 4.) Defendant calculated Plaintiff's alleged financial losses as $78,000 by multiplying Plaintiff's monthly salary of $6,000 by the 13 months that elapsed between Plaintiff's termination on November 12, 2019, (Compl. ¶ 15), and Defendant's removal of the case on December 7, 2020. (NOR ¶ 22.) This is sufficient to establish the amount in controversy requirement, even before considering Plaintiff's alleged non-economic damages.

Plaintiff argues that Defendant fails to consider Plaintiff's mitigation efforts which would reduce the amount in controversy below the $75,000 threshold. (Mot. at 6–7.) Plaintiff, however, fails to offer any evidence which suggests he mitigated Defendant's damages.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: February 16, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE